# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CELISA LEWIS, | : | Hon. Joseph H. Rodriguez |
| Plaintiff, | : | Civil Action No. 11-4661 |
| v. | : | |
| EBERLE & BCI SERVICES, LLC and BART PERRY, | : | |
| | : | OPINION |
| Defendants. | : | |

This matter is before the Court on Defendant's motions to dismiss Counts I and II of the Second Amended Complaint, to Strike Paragraph A from the Wherefore Clause of The Second Amended Complaint, and To Dismiss the Second Amended Complaint with prejudice on grounds of Judicial Estoppel. The Court has considered the written submissions of the parties and heard oral argument on the motions on July 30, 2013. For the reasons expressed below, as well as those stated on the record during the hearing, Defendant's motion to Dismiss on grounds of Judicial Estoppel is granted and Defendant's Motion to Dismiss Counts I and II and Paragraph A is dismissed as moot.[1]

## I. Background

Plaintiff Celisa Lewis ("Lewis") was terminated from her position as a Kitchen Aid with Defendant Eberle & BCI Services ("Eberle"). Lewis claims that she held that position from August, 2008 until her termination in February, 2011. In August, 2010 and again in February, 2011, Plaintiff claims that she required leave from work due to

---

[1] During the hearing in this matter, Plaintiff agreed to dismiss Counts I and II of the Second Amended Complaint. As to Paragraph A of the Wherefore Clause, the parties agreed that it could remain in the Complaint as written, with the limitation that it did not confer Plaintiff with the right to seek class action style discovery. As a result, Defendants' Motion to Dismiss Counts I and II and Paragraph A of the Wherefore Clause is dismissed as moot.

hospitalization and recovery from chest pain, high blood pressure and hypertension. As a result of this condition, Plaintiff was ordered by her doctor to remain out of work from August 10, 2010 through October 1, 2011. Plaintiff's second hospitalization caused her to be out of work from January 31, 2011 through February 10, 2011.

Lewis was terminated shortly after her second hospitalization. She claims that she telephoned her supervisor, Sheila Montgomery ("Montgomery") on the afternoon of January 31, 2011 and on the consecutive days of February 1, 2, 3, and 4, 2011, to remind her employer that she was under the care of a physician with orders to refrain from work. On the February 4, 2011 phone call, Lewis claims that Montgomery informed her that she was off of the schedule until February 10, 2011 and that she was not required to call in further absences until that time. Plaintiff returned to work on February 10, 2011, she was fired for absenteeism on February 22, 2011.

Lewis initiated Bankruptcy proceedings in the District of New Jersey on April 5, 2010, pursuant to Chapter 13 of the Bankruptcy Code. See C. Lewis, Chapter 13 Voluntary Petition, Case No. 10-20196-RTL (Dkt. No. 1) (April 15, 2010), attached to Declaration of Nitin Sharma ("Sharma Decl.") as Exhibit A. On August 12, 2011, Lewis filed the present action against her former employer pursuant, inter alia, to the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 ("FMLA") and the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA"), alleging that she was terminated in violation of the Acts. Eberle moves to dismiss the Complaint in its entirety with prejudice because Lewis failed to disclose this lawsuit in her bankruptcy proceedings and should be judicially estopped from pursuing these claims.

## II. Discussion

### A. Judicial Estoppel Standard

Under the doctrine of judicial estoppel, "a plaintiff, who has obtained relief from an adversary by asserting and offering proof to support one position, may not be heard later in the same court to contradict himself in an effort to establish against the same adversary a second claim inconsistent with his earlier contention." Krystal Cadillac-Oldsmobile GMC Truck Inc. v. General Motors Corp. & General Motors Acceptance Corp, 337 F.3d 314, 319 (3d Cir. 2003) (citing Scarano v. Central R. Co. Of N.J., 203 F.2d 510 (3d Cir. 1953)). The Third Circuit considers three requirements to justify the application of the doctrine of judicial estoppel: "First, the party to be estopped must have taken two positions that are irreconcilably inconsistent; second, judicial estoppel is unwarranted unless the party changed his or her position in bad faith; and third, a district court may not employ judicial estoppel unless it is tailored to address the harm identified and no lesser sanction would adequately remedy the damage done by the litigant's misconduct." Id. (citing Montrose Med. Grp. Participating Sav. Plan v. Bulger, 243 F.3d 773 (3d Cir. 2001). In the Third Circuit, the doctrine of judicial estoppel does not contain a requirement that a party must have benefitted from their prior position in order to be judicially estopped from subsequently asserting an inconsistent one. Ryan Operations G.P. v. Forrest Paint Co., Inc., 81 F.3d 355, 361 (3d Cir. 1996). The presence of a benefit received is merely a factor in determining whether the evidence would support a conclusion of bad faith. Krystal, 337 F.3d at 324. Lastly, the Defendants are not barred from pursuing judicial estoppel simply because they were not parties to the bankruptcy proceeding. Ryan, 81 F.3d at 361.

**B. Analysis**

The Court finds that the sanction of judicial estoppel is warranted in this case for the following reasons. First, Plaintiff took inconsistent positions by failing to amend her bankruptcy filings while at the same affirmatively taking pursuing and eventually filing this present action. Lewis initiated Bankruptcy proceedings in the District of New Jersey on April 5, 2010, pursuant to Chapter 13 of the Bankruptcy Code. See Sharma Decl., Ex. A. At that time, Lewis was still employed by Eberle. Nearly a year later on March 10, 2011, Lewis filed for conversion of her Chapter 13 claims into Chapter 7 proceedings. Id., Sharma Decl., Ex. B. Plaintiff amended her schedules on June 9, 2011. Id., Sharma Decl., Ex. C.

Lewis filed the instant action in this Court on August 12, 2011. The bankruptcy proceedings concluded on October 17, 2011. Eberle argues that Lewis had notice of her potential claim upon her termination in February 2011, well before the conclusion of the bankruptcy proceedings. On June 1, 2011, she contacted her lawyers to inquire whether she had a cause of action against her employers. See Complaint of Discrimination filed with Office of Federal Contract Compliance Programs ("OFCCP"), attached to Sharma Decl., Ex. D. On July 6, 2011, Lewis filed a complaint with the OFCCP, alleging discrimination and then filed the instant action on August 12, 2011. As a result, the present civil complaint was filed while the bankruptcy proceedings were ongoing.

The Bankruptcy Court's Order discharging Plaintiff's debts was issued on July 15, 2011— after Lewis filed her OFCCP complaint. In addition, the Chapter 7 Trustee's Report of No Distribution, finding that Lewis did not have sufficient assets to satisfy her creditors and concluding that $46, 043.00 in debt be discharged, was filed on

September 14, 2011— after both the OFCCP complaint and the present civil action were filed. The final decree was filed on October 17, 2011 after the present civil matter was commenced.

The parties agree that Lewis took inconsistent positions by failing to amend her bankruptcy petition to disclose her interest in this law suit thereby offending her obligation for candor to the bankruptcy court. See DePasquale v. Morgan Stanley Smith Barney, LLC, Civ. No. 10-6828, 2011 WL 3703110, *6 (D.N.J. Aug. 23, 2011). The Third Circuit has expressly left open the question of "whether such nondisclosure [in bankruptcy schedules], standing alone, can support a finding that a plaintiff has asserted inconsistent positions within the meaning of the judicial-estoppel doctrine." Ryan Operations G.P., 81 F.3d at 362 (citing Oneida, 848 F.2d at 419). However, if a debtor has enough information *prior to confirmation* to suggest that a *possible* claim exists, then it is a "known" claim that must be disclosed in the bankruptcy petition. See Krystal Cadillac–Oldsmobile GMC Truck, Inc. v. General Motors Corp., 337 F.3d 314, 323 (3d Cir. 2003). Regardless of whether Plaintiff's duty to amend her bankruptcy filings arose upon notice of her potential civil claim, the fact that Plaintiff filed her civil action during the pendency of her bankruptcy proceedings is evidence that she took inconsistent positions. Plaintiff here had a duty to disclose her claim against Eberle to the bankruptcy court. Id. at 322.

Second, the "doctrine of judicial estoppel frequently arises in the context of a failure to list a claim as an asset in a bankruptcy, and the inconsistent pursuit of an undisclosed claim." Clark v. Strober-Haddonfield Group, Inc., Civ. No. 07-910, 2008 U.S. Dist. Lexis 58865 (D.N.J. July 29, 2008) (citing Castillo v. Coca-Cola Bottling Co. Of East.

5

Great Lakes, Civ. No. 06-183, 2006 WL 1410045, *2 (E.D. Pa. May 22, 2006).² "[A] person seeking to discharge his debts in bankruptcy [has] a motive to conceal potential assets." Clark, Civ. No. 07-910, 2008 U.S. Dist. Lexis 58865 at *7 ; see also Krystal Cadillac, 337 F.3d at 321-323 (A rebuttable inference of bad faith can be inferred when the Plaintiff had knowledge of a claim and a motive to conceal that claim.) (citing Oneida Motor Freight, Inc. v. United Jersey Bank, 848 F.2d 414, 416-418 (3d. Cir. 1988)). Plaintiff offers no evidence to challenge the inference of bad faith and baldly claims that the failure to amend her bankruptcy petition was an inadvertent mistake devoid of bad faith. Here, the nature of the inconsistency and Plaintiff's failure to take any affirmative steps to address it demonstrate bad faith. When Plaintiff converted her petition from Chapter 13 to Chapter 7, she amended her schedules to include additional creditors. See Sharma Decl., Exs. A-C. In addition, her bankruptcy schedules list a worker's compensation claim. Plaintiff's willingness to add creditors while at the same time omitting potential assets, demonstrates bad faith. Likewise, Plaintiff's listing of her worker's compensation claim suggests that the omission of the present claim was overt.

Moreover, Plaintiff's opposition to the present motion baldly states that she intends to rectify her omission by re-opening the bankruptcy proceedings. Since the time of that statement, there has been no action taken by Plaintiff to give any life to those words. Instead, Plaintiff suggested at oral argument that affirmative steps would

---

²In Clark, Plaintiff filed an Equal Employment Opportunity Commission charge pro se after already filing for bankruptcy, which was also done pro se. In his "Statement of Financial Affairs," Plaintiff did not list his pending lawsuit. Plaintiff claimed that he inadvertently omitted the lawsuit because he quickly checked off "none" on all the boxes on the form. Judge Kugler dismissed Plaintiff's complaint even though his bankruptcy proceedings were eventually dismissed and no debts were discharged.

be taken if and when the Court renders a decision on the present motion. Such a posture cannot be tolerated as it sends a message that "a debtor should consider disclosing potential assets only if he is caught concealing them." Krystal, 337 F.3d at 325 (citing Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1288 (11th Cir. 2002).

Finally, the Court finds that no lesser sanction is appropriate in this case. The doctrine of judicial estoppel is "an extraordinary remedy to be invoked when a party's inconsistent behavior will otherwise result in a miscarriage of justice." Ryan, 81 F.3d at 365. The doctrine does not contain a requirement that a party must have benefitted from its prior position. See Id., 81 F.3d at 361.[3] Plaintiff had absolute knowledge of this claim prior to the conclusion of the bankruptcy proceedings. Shielding this law suit from the bankruptcy court resulted in a benefit for the Plaintiff in the negotiation of her debt while at the same time protecting her interest in this lawsuit. DePasquale, Civ. No. 10-6828, 2011 WL 3703110 at *7.

Plaintiff's analogy to Rainey v. UPS, 466 Fed. Appx. 542 (7th Cir. 2012) is unavailing. After the bankruptcy proceedings closed in Rainey, the plaintiff secured a right to sue letter from the Equal Employment Opportunity Commission and filed a civil action. The defendant moved to dismiss the civil action seeking judicial estoppel because the plaintiff did not include the potential civil action in his bankruptcy filings. The Court declined to extend the doctrine of judicial estoppel to the matter, given the timing of the right to sue letter and the filing of the civil action. Instead, the court permitted the plaintiff the opportunity to re-open the bankruptcy proceedings in order to amend the petition and the civil action was allowed to proceed.

---

[3]Even though receiving a benefit is not a requirement, "application of the doctrine of judicial estoppel is particularly appropriate in situations ... where the party benefitted from its original position." Id. (citing Delgrosso v. Sprang & Co., 903 F.2d 234 (3d Cir. 1990).

Rainey is unpersuasive because the Rainey bankruptcy proceeded under Chapter 13 while Lewis proceeded under Chapter 7. This distinction is important because, unlike a Chapter 13 debtor, a Chapter 7 debtor does not retain standing to re-open the bankruptcy proceedings. See Ramos v. Bonilla, No. 03-2683, 2006 WL 445844, at *2 (D.N.J. Apr. 12, 2006) (A Chapter 13 debtor "can pursue legal claims for the benefit of the estate and its creditors" while a Chapter 7 debtor cannot, because standing rests with the Chapter 7 Trustee.) (citations omitted). If this Court permitted Lewis to re-open the bankruptcy proceedings, the right to proceed in this action would vest with the Bankruptcy Trustee, and not Lewis. Id. In addition, Lewis initiated her civil action before the close of the bankruptcy proceedings, unlike the civil action in Rainey which was filed after the close of the bankruptcy proceedings, and Lewis has not endeavored to re-open those proceedings.[4] For these reasons, even if Rainey enjoyed precedential status in this Circuit, it is factually dissimilar and, therefore, unpersuasive. Judicial estoppel is appropriate under the circumstances of this case.

An appropriate Order shall issue.

Dated: August 19, 2013        /s/ Joseph H. Rodriguez
                              Hon. Joseph H. Rodriguez
                              UNITED STATES DISTRICT JUDGE

---

[4] During the hearing in this matter, plaintiff explained that, despite being on notice, by virtue of the present motion, of her failure to list the present action in her bankruptcy proceedings, she decided to wait for the court to rule on whether this action can proceed before she assumes the financial expense of re-opening her bankruptcy case. The wait and see approach is the very circumstance that judicial estoppel aims to prevent. See DePasquale, Civ. No. 10-6828, 2011 WL 3703110 at *7 ("Applying such a lesser sanction here would only serve to reward Plaintiff for misleading the Bankruptcy Court, and would allow future debtors to take a "wait and see" approach to their disclosure obligations. Additionally, Plaintiff would still reap the benefit of any recovery beyond the amount paid to creditors for outstanding debts.")(citing Krystal Cadillac, 337 F.3d at 325).